PROB. 12B
(7/93)

ORIGINAL

# United States District Court

for the

## DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 1 4 2006

at 10 o'clock and 05 min A M
SUE BEITIA, CLERK

### Request for Modifying the Conditions or Term of Supervision with Consent of the Offender
(Probation Form 49, Waiver of Hearing is Attached)

Name of Offender: JOHN E. SUTER           Case Number: CR 03-00311SOM-02

Name of Sentencing Judicial Officer:   The Honorable Susan Oki Mollway
                                        U.S. District Judge

Date of Original Sentence: 11/29/2004

Original Offense:   Count 3: POSSESSION OF STOLEN U.S. MAIL, in violation of 18 U.S.C. § 1708, a Class D felony

Original Sentence:   Time served and two (2) years of supervised release, with the following special conditions: 1) That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office; 2) That the defendant provide the Probation Office access to any requested financial information; and 3) That the defendant is prohibited from the possession and use of alcohol.

Revocation: and Sentence   On 6/18/2003, supervised release was revoked for the following violations: 1) Subject consumed alcohol, 2) Subject failed to answer truthfully inquiries of the Probation Officer, and 3) Subject used a controlled prescription drug without a valid prescription. He was sentenced to six (6) months imprisonment and eighteen (18) months of supervised release, with the following special conditions: 1) That the defendant participate in a substance abuse program, which may include alcohol and drug testing at the discretion and direction of the Probation Office; 2) That the defendant abstain from the use and possession of alcohol throughout the period of supervised release; 3) That the defendant serve up to 180 days community confinement in a community corrections center such as Mahoney Hale, following release from imprisonment as arranged by the Probation Office. While serving the term of community confinement, the defendant may obtain employment and/or enroll in an educational program as approved and directed by the Probation Office; and 4) That the defendant reside on the island of Oahu at the discretion and direction of the Probation Office.

Prob 12B
(7/93)

2

Type of Supervision:  Supervised Release     Date Supervision Commenced:  7/25/2005

**PETITIONING THE COURT**

[X]   To modify the conditions of supervision as follows:

| | |
|---|---|
| *General Condition:* | *That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision unless there is a positive drug test, in which event, the maximum shall increase to up to one valid drug test per day (mandatory condition).* |
| *Special Condition No. 5:* | *That the defendant shall submit his property, person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The offender shall warn any other resident that the premises may be subject to search pursuant to this condition.* |
| *Special Condition No. 6:* | *That the defendant serve 5 months of home detention with electronic monitoring as arranged by the Probation Office. During this time, the defendant shall remain at his place of residence during non-working hours and shall not leave his residence without the approval of the Probation Office. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures pursuant to the Participant's Agreement and shall earn leave as determined by the Probation Office. The defendant also will be responsible for the payment of the electronic monitoring costs as directed by the Probation Office.* |
| *Special Condition No. 7:* | *That the defendant not operate a motor vehicle until he obtains a valid driver's license.* |

## CAUSE

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1. Special Condition No. 2 | On 11/10/2005, the subject consumed alcohol. |
| 2. Standard Condition No. 3 | On 4/19/2006, the subject failed to answer truthfully inquiries of the probation officer. |
| 3. Standard Condition No. 10 | On 7/12/2006 and 7/20/2006, the subject failed to allow the probation officer to visit him at home. |
| 4. Standard Condition No. 9 | On 7/20/2006, the subject associated with a known felon, Elizabeth Jones. |
| 5. General Condition | On 7/20/2006, the subject operated a motor vehicle with a valid driver's license. |

As Your Honor may recall, John E. Suter appeared before the Court for a revocation hearing on 2/4/2005. During the hearing, Mr. Suter repeatedly asked the Court to sentence him to the maximum imprisonment term so that he would not have to serve another term of supervised release. He stated to the Court that he was unable to conform to the conditions of supervised release and would immediately violate if he was placed on another term. Despite Mr. Suter's request, the Court ordered an eighteen-(18) month term of supervised release following six (6) months of imprisonment. His second term of supervised release commenced on 7/25/2005. Upon his release, Mr. Suter was immediately placed in Mahoney Hale pursuant to Special Condition No 3.

During the second term of supervised release, Mr. Suter's attitude and adjustment on supervision has been much improved. He has maintained stable employment through the Mason's Union and successfully completed substance abuse treatment and drug testing. Mr. Suter has expressed his desire to succeed on supervision and has taken many steps to be a productive member of society. Despite his progress, Mr. Suter continues to demonstrate self-destructive behaviors and poor choices. Mr. Suter acknowledges these shortcomings and is remorseful for his actions. His violations are as follows:

**Violation No. 1 - On 11/10/2005, the subject consumed alcohol:** As previously mentioned, during the first few months of supervised release, Mr. Suter resided at Mahoney Hale. On 11/10/2005, we were notified by staff at Mahoney Hale that the subject returned from work and submitted to a Breathalyzer test that revealed a blood alcohol content of .098. When questioned on 11/14/2005, Mr. Suter admitted consuming alcohol after work despite knowing it was a violation of his supervised release. He was remorseful as he apologized for his relapse and promised that it would

Prob 12B
(7/93)

4

not happen again. As a sanction, Mr. Suter was verbally reprimanded and placed on 14 days restriction at Mahoney Hale.

**Violation No. 2 - On 4/19/2006, the subject failed to answer truthfully inquiries of the probation officer:** On 4/19/2006, Mr. Suter called this officer and stated that he quit his job with Tidy Tile due to a lack of work hours, and was reassigned by the Union to Van's Tile. On 4/26/2006, this officer contacted Tidy Tile and spoke to Mr. Suter's former supervisor. He stated that Mr. Suter was terminated due to a confrontation he had with another co-worker. On 6/6/2006, the subject was questioned about his termination from Tidy Tile. He admitted that he was untruthful about his termination and apologized for not being candid. He was verbally admonished for his untruthfulness.

**Violation No. 3 - On 7/12/2006 and 7/20/2006, the subject failed to allow the probation officer to visit him at home; Violation No. 4 - On 7/20/2006, the subject associated with a known felon, Elizabeth Jones; and Violation No. 5 - On 7/20/2006, the subject operated a motor vehicle without a valid driver's license:** On 7/12/2006 and 7/20/2006, this officer attempted to conduct an unannounced home inspection of the subject's apartment located in the Century Park Plaza. During both attempts, this officer heard and observed movement in the apartment prior to knocking on the door. However, after repeatedly knocking and announcing this officer's presence, no one answered the door. Furthermore, during the attempt on 7/20/2006, Century Park Plaza Security related that they observed the subject park his vehicle in his assigned parking stall and return to his apartment prior to this officer's arrival. The Court should be aware that the subject does not have a valid driver's license and was repeatedly warned by this officer not to drive.

Prior to leaving Century Park Plaza on 7/20/2006, Security informed this officer that a woman parked her truck in the guest stalls and informed them that she was visiting Mr. Suter's apartment. This officer waited by the truck until the female returned to the truck. The female identified herself as Elizabeth Jones, and she had a strong odor of alcohol coming from her breath. She admitted that she was with Mr. Suter in his apartment, but denied that he was consuming alcohol. Ms. Jones also disclosed that she was a convicted felon and on supervision with our office. Ms. Jones confessed that she knew Mr. Suter was on supervision and that they were not suppose to associate.

On 7/21/2006, Mr. Suter was questioned regarding his association with Ms. Jones, driving without a valid license, and failure to make himself available for supervision. He presented as honest and remorseful as he admitted to all of the violations. Specifically, he indicated that he was associating with Ms. Jones because he was simply trying to be supportive with respect to her recovery from alcohol addiction. According to Mr. Suter, Ms. Jones was in his apartment on 7/12/2006 and 7/20/2006 when this officer knocked on the door. He confessed that he deliberately failed to answer the door because he wanted to conceal their association and protect Ms. Jones from being discovered under the influence of alcohol. Further, he admitted that he purchased a car from Ms. Jones and was driving without a valid license, including 7/20/2006. He stated that he was driving because he needed transportation for work.

Prob 12B
(7/93)

5

    Mr. Suter acknowledges that he makes terrible and "stupid" choices, and is willing to accept the consequences. Although the violations are serious in nature, we respectfully recommend that the Court allow Mr. Suter to remain under our supervision. Our recommendation is based upon Mr. Suter's positive attitude and genuine efforts to successfully reintegrate into the community. Mr. Suter has established himself with the Mason's Union and his current employer indicates he is an excellent employee.

    Nonetheless, Mr. Suter must be held accountable for his noncompliance. As a result, we respectfully recommend that the Court sanction Mr. Suter by imposing the above-noted conditions. First, Mr. Suter has agreed to modify the General Condition of supervised release to allow drug testing consistent with the U.S. v. Stephens ruling. This will permit our office to continue random drug testing for the duration of supervision. Second, the addition of Special Condition No. 5 will serve as another tool to closely monitor Mr. Suter's progress and confirm that he is in compliance with his conditions of supervised release. Third, Mr. Suter is expected to expire from supervision in about five (5) months, on 1/24/2007. Imposing Special Condition No. 6 would place Mr. Suter on home detention with electronic monitoring for the duration of supervised release. Given his violations, this would serve as an appropriate sanction in lieu of a term of imprisonment. Lastly, we have been working with the subject's attorney to obtain his Hawaii driver's license. Imposing Special Condition No. 7 would specifically prohibit Mr. Suter from operating a motor vehicle until he obtains a valid license.

    Mr. Suter was warned that additional violations would likely result in the initiation of revocation proceedings. Should Your Honor concur with our recommendation and impose the proposed modifications, the subject will be closely monitored.

Prob 12B
(7/93)

6

Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release. Mr. Suter waives his right to a hearing and to assistance of counsel. He agrees to the modifications to his supervised release. Mr. Suter's attorney and the U.S. Attorney's Office have been notified of the proposed modifications and have no objections.

Respectfully submitted by,

JONATHAN K. SKEDELESKI
U.S. Probation Officer

Approved by:

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

Date: 8/8/2006

THE COURT ORDERS:

[X] The Modification of Conditions as Noted Above
[ ] Other

SUSAN OKI MOLLWAY
U.S. District Judge

8-9-06
Date

PROB 49
(5/96)

# United States District Court

## District of Hawaii

### Waiver of Hearing to Modify Conditions of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ X ] To modify the conditions of supervision as follows:

*General Condition*    That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision unless there is a positive drug test, in which event, the maximum shall increase to up to one valid drug test per day (mandatory condition).

*Special Condition No. 5*    That the defendant shall submit his property, person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The offender shall warn any other resident that the premises may be subject to search pursuant to this condition.

*Special Condition No. 6*    That the defendant serve 5 months of home detention with electronic monitoring as arranged by the Probation Office. During this time, the defendant shall remain at his place of residence during non-working hours and shall not leave his residence without the approval of the Probation Office. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures pursuant to the Participant's Agreement and shall earn leave as determined by the Probation Office. The defendant also will be responsible for the payment of the electronic monitoring costs as directed by the Probation Office.

*Special Condition No. 7*    That the defendant not operate a motor vehicle until he obtains a valid driver's license.

Witness: _____  Signed: _____
JONATHAN K. SKEDELESKI                              JOHN E. SUTER
U.S. Probation Officer                                          Supervised Releasee

7/27/06
Date