Prob 12C
(Rev. 3/95 D/HI)

ORIGINAL

## SEALED BY ORDER OF THE COURT

### United States District Court

for the

### DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 0 6 2006

at 9 o'clock and 4 min. W M
SUE BEITIA, CLERK

U.S.A. vs. JOHN E. SUTER                                    Docket No. CR 03-00311SOM-02

### AMENDED REQUEST FOR COURSE OF ACTION
(Statement of Alleged Violations of Supervised Release)

   COMES NOW JONATHAN K. SKEDELESKI, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of John E. Suter who was placed on supervision by the Honorable Susan Oki Mollway sitting in the Court at Honolulu, Hawaii, on the 29th day of November, 2004, who fixed the period of supervision at 2 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

   1. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

   2. That the defendant provide the Probation Office access to any requested financial information.

   3. That the defendant is prohibited from the possession and use of alcohol.

   On 2/4/2005, the Court revoked supervised release due to the subject's use of alcohol, failure to answer truthfully inquiries of the Probation Officer, and use of a controlled prescription drug without a valid prescription. Subsequently, he was sentenced to six (6) months imprisonment followed by eighteen (18) months of supervised release with the following special conditions:

   1. That the defendant participate in a substance abuse program, which may include alcohol and drug testing at the discretion and direction of the Probation Office.

   2. That the defendant abstain from the use and possession of alcohol throughout the period of supervised release.

   3. That the defendant serve up to 180 days community confinement in a community corrections center such as Mahoney Hale, following release from imprisonment as arranged by the Probation Office. While serving the term of community confinement, the defendant may obtain employment and/or enroll in an educational program as approved and directed by the Probation Office.

Prob 12C
(Rev. 3/95 D/HI)

2

    4.    That the defendant reside on the island of Oahu at the discretion and direction of the Probation Office.

On 8/9/2006, the Court modified supervised release due to the subject's noncompliance. The General Condition was amended and the following special conditions were imposed:

| | |
|---|---|
| General Condition: | That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision unless there is a positive drug test, in which event, the maximum shall increase to up to one valid drug test per day (mandatory condition). |
| Special Condition 5: | That the defendant shall submit his property, person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The offender shall warn any other resident that the premises may be subject to search pursuant to this condition. |
| Special Condition 6: | That the defendant serve 5 months of home detention with electronic monitoring as arranged by the Probation Office. During this time, the defendant shall remain at his place of residence during non-working hours and shall not leave his residence without the approval of the Probation Office. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures pursuant to the Participant's Agreement and shall earn leave as determined by the Probation Office. The defendant also will be responsible for the payment of the electronic monitoring costs as directed by the Probation Office. |
| Special Condition 7: | That the defendant not operate a motor vehicle until he obtains a valid driver's license. |

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

<u>Alleged Violation(s) of Supervised Release</u>

That the Request for Course of Action filed on 10/3/2006 be amended to include additional information pertaining to the following violation:

    6.    On 10/2/2006, the subject was arrested for conduct constituting Operating a Vehicle Under the Influence of an Intoxicant (OVUII), in violation of the Hawaii Revised Statutes § 291E-61, and in violation of the General Condition.

Prob 12C
(Rev. 3/95 D/HI)

3

---

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[X] That the Request for Court Action filed on 10/3/2006 be amended to include additional information contained in this Amended Request for Course of Action.

[ ] Other

       I declare under penalty of perjury that the foregoing is true and correct

Executed on    10/6/06

_____
JONATHAN K. SKEDELESKI
U.S. Probation Officer

Approved by:

_____
TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

---

ORDER OF COURT

    THE COURT ORDERS that the Request for Court Action filed on 10/3/2006 be amended to include additional information contained in this Amended Request for Course of Action.

    Considered and ordered this 6th day of October, 2006, and ordered filed and made a part of the records in the above case.

_____
SUSAN OKI MOLLWAY
U.S. District Judge

Re:     **SUTER, John E.
Criminal No. CR 03-00311SOM-02
REVOCATION OF SUPERVISED RELEASE**

## STATEMENT OF FACTS

On 10/3/2006, the Court ordered the issuance of a No Bail warrant after the subject violated numerous conditions of supervised release. Within our Request for Course of Action filed on 10/3/2006, Violation No. 6 alleged that on 10/2/2006 the subject was arrested for conduct constituting Operating a Vehicle Under the Influence of an Intoxicant (OUVII), in violation of the Hawaii Revised Statutes (HRS) § 291E-61 and the General Condition. The following is additional supporting information for this violation.

**Violation No. 6 - On 10/2/2006, the subject was arrested for conduct constituting Operating a Vehicle Under the Influence of an Intoxicant (OVUII), in violation of the Hawaii Revised Statutes § 291-E-61:** To date, we have been unable to obtain a complete arrest report from the Honolulu Police Department. However, on 10/4/2006, this officer spoke to the arresting officer, Benjamin Brechtel. Officer Brechtel indicated that on 10/2/2006, at about 3:00 pm, he was dispatched to the intersection of Nimitz Highway and Alakawa Street on a motor vehicle collision case. Upon his arrival, he observed a white Nissan Sentra with significant damage resting on a palm tree in the median of Nimitz Highway near Alakawa Street. The subject was identified as the driver of the Sentra, and he was uncooperative at the scene. Witnesses related to Officer Brechtel that the subject was speeding and swerving in and out of traffic on Nimitz Highway prior to losing control of his car. Subsequently, the subject hit the median curb, rear-ended a pick-up truck, and finally collided with the palm tree on the median of Nimitz Highway. Officer Brechtel related that parties involved in the collision refused medical attention at the scene.

According to Officer Brechtel, the subject appeared to be under the influence of alcohol which may have attributed to the car accident. After the subject refused to participate in a field sobriety test, he was arrested for OUVII. The subject was also cited for driving without a valid license and driving a vehicle without insurance. At the police station, the subject submitted to a breath test that revealed a Blood Alcohol Content (BAC) of .222. According to the HRS § 291E-61, the legal BAC limit is .08.

The subject admitted to this officer and Supervising U.S. Probation Officer Timothy M. Jenkins that on 10/2/2006, he had consumed a large amount of alcohol before driving his vehicle. Subsequently, the subject indicated that he drove his vehicle and "blacked out" prior to the collision. He does not remember any details of the incident or the arrest. The subject admitted that he returned to consuming alcohol to ease the stress in his life.

Re:   **SUTER, John E.**
      **Criminal No. CR 03-00311SOM-02**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 2**

      We respectfully recommended that the Request for Course of Action filed on 10/3/2006 be amended to include the additional information contained in this Amended Request for Course of Action.

      Respectfully submitted by,

_____
JONATHAN K. SKEDELESKI
U.S. Probation Officer

Approved by:

_____
TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

JKS/ct

Re:   SUTER, John E.
      Criminal No. CR 03-00311SOM-02
      REVOCATION OF SUPERVISED RELEASE
      STATEMENT OF FACTS - Page 3

**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

There do not appear to be any circumstances that warrant imposition of additional conditions at this time.